**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| MARY FRANCES BIGBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:16-cv-00890-DCN |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Shiva V. Hodges's Report and Recommendation ("R&R") recommending that this court affirm the final decision of the Commissioner of Social Security (the "Commissioner") to deny plaintiff Mary Frances Bigby's ("Bigby") application for disability insurance benefits ("DIB") and social security insurance benefits ("SSI"). For the reasons set forth below, the court rejects the R&R, and reverses and remands the Commissioner's decision.

## I. BACKGROUND

### A. Procedural History

Bigby filed an application for SSI and DIB on May 31, 2012. Tr. 18. In each application, Bigby alleged disability beginning January 15, 2012 (the "alleged onset date"). Id. The Social Security Administration denied Bigby's claims initially and on reconsideration. Id. Bigby requested a hearing before an administrative law judge ("ALJ"), and ALJ Harold Chambers held a hearing on July 10, 2014. Tr. 32–69. The ALJ issued a decision on December 3, 2014, finding that Bigby was not disabled under the Social Security Act (the "Act"). Tr. 15–31. Bigby requested Appeals Council review

of the ALJ's decision. The Appeals Council declined Bigby's request, Tr. 1–6, rendering the ALJ's decision the final action of the Commissioner.

On March 18, 2016, Bigby filed this action seeking judicial review of the ALJ's decision. The magistrate judge issued the R&R on February 3, 2017, recommending that this court affirm the ALJ's decision. Bigby filed objections to the R&R on February 17, 2017, and the Commissioner responded to Bigby's objections on March 3, 2017. The matter is now ripe for the court's review.

**B. Medical History**

Because Bigby's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Bigby was born on April 29, 1968 and was 43 years old on the alleged onset date. Tr. 286. She communicates in English and has a high school education. Tr. 286.

**C. ALJ's Decision**

The ALJ employed the statutorily required five-step sequential evaluation process to determine whether Bigby had been under a disability since the alleged onset date. The ALJ first determined that Bigby had not engaged in substantial gainful activity during the relevant period. Tr. 20. At step two, the ALJ found that Bigby suffered from the following severe impairments: obesity, degenerative joint disease with on-going knee pain and knee surgeries, sciata with chronic low back pain, headaches, and depression. Id. At step three, the ALJ determined that Bigby's impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). Tr. 21–22. Before reaching the fourth step, the ALJ determined that Bigby had the residual functional capacity ("RFC") to "lift up to ten pounds on an occasional basis, lift

and carry less than ten pounds on a frequent basis" and that Bigby could never climb ladders, ropes, and scaffolds, and should avoid even moderate exposure to workplace hazards. Tr. 22. Additionally, the ALJ determined that Bigby could perform "simple, routine, repetitive tasks." Id. At step four, the ALJ found that Bigby was unable to perform her past relevant work, but based on her age, education, and RFC, Bigby could perform certain jobs that existed in significant numbers in the national economy. Tr. 25. Therefore, the ALJ concluded that Bigby had not been under a disability within the meaning of the Act since the alleged onset date.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the

[Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## III. DISCUSSION

Bigby argues that the RFC is not supported by substantial evidence, making two specific objections to the R&R: (1) the ALJ presented an incomplete hypothetical to the vocational expert ("VE"), and (2) the ALJ failed to provide support from the case record in assessing Bigby's credibility. The court finds that remand is appropriate because the ALJ presented an incomplete hypothetical to the VE, and so does not address Bigby's objection about the ALJ's credibility assessment.

The ALJ found that Bigby suffers from a mild restriction in daily activities, moderate difficulties in social functioning, moderate difficulties in concentration, persistence or pace, and no episodes of decompensation, which have been of extended duration. Tr. 21. The ALJ concluded that Bigby did not "exhibit any work-related limitation function due to any mental condition," Tr. 24, but failed to sufficiently explain the exclusion of such mental limitation. The ALJ cites to Dr. Khalid Soherwardy's ("Dr. Soherwardy") exams which "reveal intact thought process, appropriate thought content, a normal mood and affect, good memory, and good concentration and attention," but then gives this opinion "limited weight." Tr. 24. Despite finding that Bigby had "moderate

difficulties in concentration, persistence and pace," Tr. 21, the ALJ's hypothetical to the VE failed to incorporate Bigby's mental limitations. A review of the transcript from the hearing reveals that the ALJ's hypothetical to the VE was:

> "The work which can be done is limited to the performance of simple, routine, and repetitive tasks; and there can be occasional interaction with the public, and occasional interaction with coworkers, although the person actually could be around coworkers throughout the workday.

Tr. 59.

It is clear that an ALJ must explain how he evaluated the claimant's moderate limitation in concentration, persistence, and pace. In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that an ALJ's hypothetical to the VE limiting the plaintiff to performing simple, routine, unskilled tasks did not account for a claimant's limitations in concentration, persistence and pace. The Mascio court noted that "the ability to perform simple tasks differs from the ability to stay on task." Id. at 638. This court has found that an ALJ's hypothetical containing a restriction to "simple, routine, repetitive tasks" failed to address the claimant's ability to stay on task. See Westerlund v. Colvin, 2015 WL 9286495 at *9 (D.S.C. Nov. 18, 2015) (finding the ALJ's limitation in the hypothetical to "simple, routine, repetitive tasks" did not account for his moderate limitation in concentration, persistence, or pace"). Remand is required "when: 1) a finding of mental limitation in concentration, persistence, or pace is not reflected in the RFC; 2) the mental limitation was not incorporated in the hypothetical given to the VE; and 3) the ALJ did not sufficiently explain the exclusion of such mental limitation." Wilson v. Colvin, 2016 WL 625088, at *4 (D.S.C. Jan. 15, 2016). Here, despite finding that Bigby had "moderate difficulties in concentration, persistence and pace," Tr. 21, the

ALJ's hypothetical to the VE failed to incorporate Bigby's mental limitations. As all of the factors in Wilson are fulfilled here, remand is appropriate.

In Herren v. Colvin, 2015 WL 5725903, at *6 (W.D.N.C. Sept. 30, 2015), the ALJ presented a similar hypothetical with restrictions for only occasional interactions with the public and supervisors. The Herren court found that while the hypothetical contained a restriction to "simple, routine, repetitive tasks," it failed to address the claimant's ability to stay on task as required by Mascio. Id. Here, the ALJ's hypothetical accounted for interaction with the public and co-workers. However, as in Herren, the limitations are limited to the interactions with the public and co-workers, and do not account for Bigby's ability to stay on task. Along the same lines, in Weeks v. Colvin, 2015 WL 5242927, at *2 (E.D.N.C. Sept. 8, 2015), the court found remand appropriate where the hypothetical included performing "simple, routine, repetitive tasks with only occasional contact with the general public in an environment with few workplace changes," because while the hypothetical sufficiently accounted for difficulties with concentration and persistence, it did not account for difficulties with pace. Similarly, here, the limitation in the hypothetical—"to the performance of simple, routine, and repetitive tasks . . . ; [allowing] occasional occasional interaction with the public, and occasional interaction with coworkers, although the person could be around coworkers throughout the day"—does not account for pace. Tr. 59–60. Namely, there is no reference to or limitation of production, pace, speed, or any such temporal limitations.

In contrast, in Dixon v. Colvin, 2016 WL 520293, at *7 (E.D.N.C. Jan. 21, 2016) the court found the ALJ's limitations for only occasional contact with coworkers and the general public, a low production occupation, no complex decision-making and no

constant changes addressed claimant's moderate difficulties in concentration, persistence, or pace. However, here the ALJ limits only Bigby's interaction with the public and co-workers, and says nothing about production or decision-making. Tr. 59–60.

A review of the record demonstrates that the ALJ determined that Bigby's mental limitations rose to the level of severe. Tr. 20. This is also reflected in the transcript of the hearing, when the ALJ stated, "Well, I'll just leave it in there as a, as a severe impairment[.]" Tr. 48. The ALJ determined that Bigby had "moderate difficulties in concentration, persistence, and pace . . . based [on] the moderate difficulty on the claimant's diagnosis of depression with a worried and anxious mood, which can affect social functioning and concentration." Tr. 21. In making this determination, the ALJ acknowledged "that the claimant is only prescribed an anti-depressant medication (Zoloft) from her treating physician, does not seek counseling, or psychiatric care, and has never required psychiatric hospitalization. Id. Additionally, the ALJ gave "limited weight to Dr. Soherwardy's opinion regarding the claimant's mental capacity and agree[d] with the prior ALJ's decision that limits the claimant to simple, repetitive, routine tasks." Tr. 24. Despite giving this opinion limited weight, the ALJ then stated that Dr. Soherwardy "does not recommend psychiatric care and notes that the claimant does not exhibit any work-related limitation in function due to any mental condition." Tr. 21. Furthermore, the ALJ states "While I note that there is no psychiatric care in the record, the claimant does carry a diagnosis of depression with a worried and anxious mood and is likely affected by her chronic pain." Tr. 24.

The court finds that the ALJ did not adequately explain how he considered Bigby's moderate limitations in the RFC. Without an explanation as to why Bigby's

moderate limitation in social functioning did not translate into work-related limitations—which would provide an explanation for the ALJ's incomplete hypothetical to the VE—the court is left to guess as to how the ALJ concluded that Bigby could perform the relevant functions in light of her mental limitations. Fauber v. Colvin, 2016 WL 8736904, at *5 (W.D. Va. Aug. 12, 2016) (remanding in part due to ALJ's failure to mention in the hearing or decision the impact of claimant's moderate social functioning limitation on the claimant's RFC). See also Scruggs v. Colvin, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) ("Because the court is left to guess as to how the ALJ concluded that Plaintiff could perform the relevant functions in light of her mental limitations, the court finds that substantial evidence does not support his decision and that remand is therefore appropriate"); cf. Helms v. Colvin, 2016 WL 2848368, at *3 (D.S.C. May 16, 2016) (ALJ sufficiently explained the exclusion of the mental limitation in the hypothetical to the VE by citing to opinion of the state agency consultant and two other doctors' treatment notes which supported the state agency consultant's assessment of claimant's coherent goal-directed though processes, normal cognitive processing speed, and improved anxiety).

Here, the ALJ's hypothetical questions to the VE and the corresponding RFC assessment limiting Bigby to performing "simple, routine, and repetitive tasks, with occasional interaction with the public and occasional interaction with co-workers" but the ability to "be around co-workers throughout the day" do not account for Bigby's moderate difficulties in maintaining concentration, persistence or pace. Accordingly, remand is appropriate, see Mascio, 780 F.3d at 636, and the court need not address Bigby's remaining arguments.

## IV. CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** the case for further administrative proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 28, 2017**
**Charleston, South Carolina**